| | |
|---|---|
| Michael Liu Su (Cal. Bar No. 300590) | Sarah G. Hartman (Cal. Bar No. 281751) |
| michael.liu.su@finnegan.com | shartman@brownrudnick.com |
| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | Alfred R. Fabricant (*pro hac vice*) |
| | afabricant@brownrudnick.com |
| 3300 Hillview Avenue | Peter Lambrianakos (pro hac vice) |
| Palo Alto, CA 94304 | plambrianakos@brownrudnick.com |
| Telephone: (650) 849-6600 | Vincent J. Rubino, III (pro hac vice) |
| Facsimile: (650) 849-6666 | vrubino@brownrudnick.com |
| | Brown Rudnick LLP |
| Lionel M. Lavenue (*pro hac vice*) | 7 Times Square |
| lionel.lavenue@finnegan.com | New York, NY 10036 |
| Bradford C. Schulz (*pro hac vice*) | Telephone: (212) 209-4800 |
| bradford.schulz@finnegan.com | Facsimile: (212) 209-4801 |
| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | |
| | Arjun Sivakumar (Cal. Bar No. 297787) |
| Two Freedom Square | asivakumar@brownrudnick.com |
| 11955 Freedom Drive | Brown Rudnick LLP |
| Reston, VA 20190 | 2211 Michelson Drive, Seventh Floor |
| Telephone: (571) 203-2700 | Irvine, California 92612 |
| Facsimile: (202) 408-4400 | Telephone: (949) 752-7100 |
| | Facsimile: (949) 252-1514 |
| Attorneys for Plaintiff ZTE (USA) Inc. | Attorneys for Defendant AGIS SOFTWARE DEVELOPMENT LLC |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZTE (USA) INC., <br><br> Plaintiff(s), <br><br> vs. <br><br> AGIS SOFTWARE DEVELOPMENT LLC, <br><br> Defendant(s). | Case Number: 4:18-cv-06185-HSG <br> (Former Case No. 2:17-cv-00517-JRG) (E.D. Tex.) <br><br> **JOINT STIPULATION AND ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION** |

Pursuant to Civil Local Rule 7-12 and the Court's Scheduling Order (Dkt. 63), the parties hereby agree to the terms of the following proposed order regarding discovery of electronically stored information and respectfully request that the Court enter the proposed order.

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 Conference.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused

instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any

1 | party shall bear all reasonable costs caused by such additional discovery.

12. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

Dated: May 13, 2019          Respectfully submitted,

/s/ Michael Liu Su
Michael Liu Su (Cal. Bar No. 300590)
michael.liu.su@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA  94304
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666

Lionel M. Lavenue (*pro hac vice*)
lionel.lavenue@finnegan.com
Bradford C. Schulz (*pro hac vice*)
bradford.schulz@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone:     (571) 203-2700
Facsimile:     (202) 408-4400

Attorneys for Plaintiff
ZTE (USA) Inc.

Dated: May 13, 2019          Respectfully submitted,

/s/  Sarah G. Hartman
Sarah G. Hartman (Cal. Bar No. 281751)
shartman@brownrudnick.com
Alfred R. Fabricant (*pro hac vice*)
afabricant@brownrudnick.com
Peter Lambrianakos (pro hac vice)
plambrianakos@brownrudnick.com

Vincent J. Rubino, III (pro hac vice)
vrubino@brownrudnick.com
Brown Rudnick LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Arjun Sivakumar (Cal. Bar No. 297787)
asivakumar@brownrudnick.com
Brown Rudnick LLP
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

Attorneys for Defendant
AGIS SOFTWARE DEVELOPMENT LLC

**ATTESTATION**

I, Michael Liu Su, hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories indicated by a confirmed signature (/s/) within this e-filed document.

/s/ Michael Liu Su
Michael Liu Su

**PURSUANT TO STIPULATION, IT IS SO ORDERED,**

Dated: May 14, 2019

The Honorable Haywood S. Gilliam Jr.
U.S. District Court Judge
Northern District of California