| | |
|---|---|
| Michael Liu Su (Cal. Bar No. 300590) | Sarah G. Hartman (Cal. Bar No. 281751) |
| michael.liu.su@finnegan.com | shartman@brownrudnick.com |
| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | Alfred R. Fabricant (*pro hac vice*) afabricant@brownrudnick.com |
| 3300 Hillview Avenue | Peter Lambrianakos (pro hac vice) |
| Palo Alto, CA 94304 | plambrianakos@brownrudnick.com |
| Telephone: (650) 849-6600 | Vincent J. Rubino, III (pro hac vice) |
| Facsimile: (650) 849-6666 | vrubino@brownrudnick.com |
| | Brown Rudnick LLP |
| Lionel M. Lavenue (*pro hac vice*) | 7 Times Square |
| lionel.lavenue@finnegan.com | New York, NY 10036 |
| Bradford C. Schulz (*pro hac vice*) | Telephone: (212) 209-4800 |
| bradford.schulz@finnegan.com | Facsimile: (212) 209-4801 |
| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | Arjun Sivakumar (Cal. Bar No. 297787) |
| Two Freedom Square | asivakumar@brownrudnick.com |
| 11955 Freedom Drive | Brown Rudnick LLP |
| Reston, VA 20190 | 2211 Michelson Drive, Seventh Floor |
| Telephone: (571) 203-2700 | Irvine, California 92612 |
| Facsimile: (202) 408-4400 | Telephone: (949) 752-7100 |
| | Facsimile: (949) 252-1514 |
| Attorneys for Plaintiff ZTE (USA) Inc. | Attorneys for Defendant AGIS SOFTWARE DEVELOPMENT LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ZTE (USA) INC.,<br><br>Plaintiff,<br><br>v.<br><br>AGIS SOFTWARE DEVELOPMENT LLC,<br><br>Defendants. | CASE NO. 4:18-cv-06185-HSG<br>(Former Case No. 2:17-cv-00517-JRG)<br>(E.D. Tex.)<br><br>**JOINT STIPULATION AND DISCOVERY ORDER** |

Pursuant to Civil Local Rule 7-12 and the Court's Scheduling Order (Dkt. 63), the parties hereby agree to the terms of the following proposed discovery order and respectfully request that the Court enter the proposed order.

Upon the stipulation of the parties, the Court ORDERS as follows:

1. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.
2. **Discovery Limitations.** The discovery in this case is limited to:
    (a) <u>Interrogatories</u>: Each party may serve up to 25 interrogatories to the other party.
    (b) <u>Requests for Admission:</u> Each party may serve up to 40 requests for admission to the other party. There is no limit on the number of requests for admission directed to the authentication of documents and things and/or whether a document qualifies as a printed publication under 35 U.S.C. § 102.
    (c) <u>Depositions of Parties, Third Parties, and Experts:</u>
        a. Each party may take up to 30 total hours of deposition testimony (inclusive of both 30(b)(1) and 30(b)(6) depositions) of the other party. Depositions of experts and third parties do not count against these limits. The parties agree that witnesses will be deposed at a location convenient for the witness (ordinarily the place of residence or employment), except that the parties will meet and confer and work together in good faith on the location of depositions should any party wish to conduct a deposition at an alternative location.
        b. All individual depositions shall be limited to seven hours in accordance with the Federal Rules of Civil Procedure.
        c. To the extent a Rule 30(b)(1) witness is designated as the corporate representative for one or more Rule 30(b)(6) topics, the witness shall be deposed in both capacities in a single deposition of seven hours (or, in the case of the named inventors, 10 hours total).

d. Depositions on written questions of custodians of business records for third parties shall not count against any of the deposition limits herein.

            e. Each party is each limited to 4 testifying expert witnesses.

        (d) <u>Third Parties</u>: Each party may take up to 30 hours of non-party deposition testimony. The parties agree to meet and confer in good faith in the event that a party seeks a reasonable enlargement of the agreed-upon hours of non-party deposition testimony based upon case developments after the date of this Order.

        (e) Any party may later move to modify these limitations for good cause or by agreement.

3.  **Proposed Stipulations by the Parties Regarding Discovery.** The parties stipulate to the following:

    (a) The parties agree that they will serve each other with copies of any subpoena or deposition notice directed to a third-party. A party receiving documents from a third party will provide copies of those documents to each other party within 5 business days of receiving those documents. The parties agree to consult with each other before scheduling any third-party deposition and to provide at least 5 business days' notice of the selected court reporting agency to allow for the coordination of remote depositions, including the logistics of soft copy exhibits.

    (b) The parties agree that, unless good cause is shown, the parties shall not be required to log any privileged documents created on or after June 21, 2017.

    (c) The parties agree to accept service by email to all counsel of record for the party to be served.

    (d) Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver in a pending case or any other federal or state proceeding. For example, the mere production of privilege or work-product protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or protection over inadvertently

|   |   |   |
|---|---|---|
| 1 | | produced documents within a reasonable time after becoming aware of the |
| 2 | | inadvertent production by notifying the receiving party of the assertion of privilege or |
| 3 | | protection in writing.  In case of inadvertent production, at the producing party's |
| 4 | | request, the receiving party shall immediately return or destroy the inadvertently |
| 5 | | produced materials.  Each producing party will provide a privilege log |

Dated: May 13, 2019                                         Respectfully submitted,

/s/ Michael Liu Su
Michael Liu Su (Cal. Bar No. 300590)
michael.liu.su@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA  94304
Telephone:    (650) 849-6600
Facsimile:     (650) 849-6666

Lionel M. Lavenue (*pro hac vice*)
lionel.lavenue@finnegan.com
Bradford C. Schulz (*pro hac vice*)
bradford.schulz@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone:    (571) 203-2700
Facsimile:     (202) 408-4400

Attorneys for Plaintiff
ZTE (USA) Inc.

Dated: May 13, 2019                                         Respectfully submitted,

/s/  Sarah G. Hartman
Sarah G. Hartman (Cal. Bar No. 281751)
shartman@brownrudnick.com
Alfred R. Fabricant (*pro hac vice*)
afabricant@brownrudnick.com
Peter Lambrianakos (pro hac vice)
plambrianakos@brownrudnick.com
Vincent J. Rubino, III (pro hac vice)
vrubino@brownrudnick.com

|   |   |
|---|---|
| 1 | Brown Rudnick LLP |
| 2 | 7 Times Square |
|   | New York, NY 10036 |
| 3 | Telephone: (212) 209-4800 |
|   | Facsimile: (212) 209-4801 |
| 4 |   |
| 5 | Arjun Sivakumar (Cal. Bar No. 297787) |
|   | asivakumar@brownrudnick.com |
| 6 | Brown Rudnick LLP |
|   | 2211 Michelson Drive, Seventh Floor |
| 7 | Irvine, California 92612 |
|   | Telephone: (949) 752-7100 |
| 8 | Facsimile: (949) 252-1514 |
| 9 | Attorneys for Defendant |
|   | AGIS SOFTWARE DEVELOPMENT LLC |

## **ATTESTATION**

I, Michael Liu Su, hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories indicated by a confirmed signature (/s/) within this e-filed document.

/s/ Michael Liu Su
Michael Liu Su

**PURSUANT TO STIPULATION, IT IS SO ORDERED,**

Dated: May 14, 2019

_____
The Honorable Haywood S. Gilliam Jr.
U.S. District Court Judge
Northern District of California