UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZTE (USA) INC.,<br><br>    Plaintiff,<br><br>v.<br><br>AGIS SOFTWARE DEVELOPMENT LLC,<br><br>    Defendant. | Case No. 18-cv-06185-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 106 |

Pending before the Court is Plaintiff ZTE (USA) Inc.'s administrative motion to file under seal portions of Plaintiff's Motion to Supplement the Record and the Declaration of Bradford C. Schulz in support of the Motion to Supplement, as well as Exhibits 1 and 2 to the Declaration of Bradford C. Schulz in their entirety. *See* Dkt. No. 106. For the reasons articulated below, the Court **DENIES** Plaintiff's motion.

I.  **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a document attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted).

1 However, documents attached to non-dispositive motions are not subject to the same strong presumption of access. *See id.* at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1179–80 (quotations omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations omitted).

**II. DISCUSSION**

Because the documents Plaintiff seeks to seal relate to a non-dispositive motion, the Court will apply the lower good cause standard. Plaintiff seeks to file under seal Exhibits 1 and 2 to the Declaration of Bradford C. Schulz in their entirety, as well as the portions of Plaintiff's Motion to Supplement the Record and the Declaration of Bradford C. Schulz in support of the Motion to Supplement that discuss those exhibits. *See* Dkt. No. 106. The only basis Plaintiff proffers for sealing is that the exhibits "contain information that has been designated "RESTRICTED – ATTORNEYS' EYES ONLY" by Defendant AGIS Software Development, LLC ("AGIS"). *See id.* at 1. Plaintiff's declaration in support of the motion repeats this same explanation. *See* Dkt. No. 106-1, ¶¶ 2–5. Defendant did not file a declaration establishing that Exhibits 1 and 2, and the motion and declaration that refer to them, are sealable within four days of Plaintiff's motion as required under Civil Local Rule 79-5(e)(1). Instead, as part of Plaintiff's motion to seal, the parties included a document styled "Joint Stipulation regarding Administrative Motion for Filing under Seal," which states that the parties agree to seal these documents. *See* Dkt. No. 106-2.

The Court finds that Plaintiff's cursory justification that the documents were designated confidential and the parties "joint stipulation" agreeing to seal the documents do not adequately establish a "particularized showing" of "specific prejudice or harm." *See Phillips*, 307 F.3d at 1210–11 (quotation omitted); *see also* Fed. R. Civ. P. 26(c). As Civil Local Rule 79-5(d)(1)(A) explains, "[r]eference to a stipulation or protective order that allows a party to designate certain

2

documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015). Thus, Plaintiff's motion does not comply with Civil Local Rule 79-5, and the Court finds no basis to seal the requested documents.

### III. CONCLUSION

The Court therefore **DENIES** Plaintiff's motion. Pursuant to Civil Local Rule 79-5(f)(2), Plaintiff may file unredacted versions of the motion, declaration, and exhibits, or Plaintiff may file a new motion to seal, within seven days of this order according to the requirements discussed above.

**IT IS SO ORDERED.**

Dated: 10/15/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge