UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZTE (USA) INC.,<br>　　　　Plaintiff,<br>　　v.<br>AGIS SOFTWARE DEVELOPMENT LLC,<br>　　　　Defendant. | Case No. 18-cv-06185-HSG<br>**ORDER GRANTING RENEWED ADMINISTRATIVE MOTION TO SEAL**<br>Re: Dkt. No. 131 |

Pending before the Court is Plaintiff ZTE (USA) Inc.'s renewed administrative motion to file under seal portions of Plaintiff's Motion to Supplement the Record and the Declaration of Bradford C. Schulz in support of the Motion to Supplement, as well as Exhibits 1 and 2 to the Declaration of Bradford C. Schulz in their entirety. *See* Dkt. No. 131. For the reasons articulated below, the Court **GRANTS** the motion.

I. **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a document attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted).

1    However, documents attached to non-dispositive motions are not subject to the same strong presumption of access. *See id.* at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1179–80 (quotations omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations omitted).

## II. DISCUSSION

Because the documents that Plaintiff seeks to seal relate to a non-dispositive motion, the Court will apply the lower good cause standard. Plaintiff seeks to file under seal Exhibits 1 and 2 to the Declaration of Bradford C. Schulz in their entirety, as well as the portions of Plaintiff's Motion to Supplement the Record and the Declaration of Bradford C. Schulz in support of the Motion to Supplement that discuss those two exhibits. *See* Dkt. No. 131; *see also* Dkt. No. 106. The Court had previously denied the motion to seal these documents because the parties failed to make the requisite showing of prejudice or harm. *See* Dkt. No. 124 at 2–3 (citing *Phillips*, 307 F.3d at 1210–11). Instead, the parties relied on their designation of the material as "RESTRICTED – ATTORNEYS' EYES ONLY." *See id.*

However, in response to the renewed motion, Defendant AGIS Software Development LLC filed a declaration detailing that these documents contain confidential business and proprietary information relating to the operations of non-party Advanced Ground Information Systems, Inc. ("AGIS Inc."). *See* Dkt. No. 136. Exhibits 1 and 2 are deposition transcripts taken in connection with *Advanced Ground Information Systems, Inc. v. Life360, Inc.*, Case No. 9:14-cv-80651-DMM (S.D. Fl.), and contain information about AGIS Inc.'s technology, business strategies, and classified dealings with the government and military, which if public, would place AGIS Inc. in financial risk and give competitors an unfair advantage. *Id.* at ¶¶ 4–6.

Accordingly, the Court finds that the parties have provided good cause for sealing Exhibits

2

1 and 2 in their entirety, as well as the portions of Plaintiff's Motion to Supplement the Record and the Declaration of Bradford C. Schulz in support of the Motion to Supplement that discuss those exhibits, as indicated in the table below. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014).

| Docket Number Public/(Sealed) | Document | Portions Sought to be Sealed | Ruling |
|---|---|---|---|
| *Plaintiff's Renewed Admin. Motion to Seal, Dkt. No. 131* | | | |
| 106-8; 106-9; 131-7; and 131-8; | Exhibits 1–2 to the to the Declaration of Bradford C. Schulz filed in support of Plaintiff's Motion to Supplement the Record | Entire Exhibits | **GRANTED**: confidential business information. |
| 106-5; 131-4 | Excerpts of Plaintiff's Motion to Supplement the Record | Pages and lines: 1:9–11; 2:20–3:3, & n.1; 4:8–12, 4:14–16; 4:26–5:5; 5:16–19; 5:21. | **GRANTED**: confidential business information. |
| 106-7; 131-6 | Excerpts of the Declaration of Bradford C. Schulz filed in support of the Motion to Supplement the Record | Pages and lines: 1:25–27; 2:5–7. | **GRANTED**: confidential business information. |

### III. CONCLUSION

The Court **GRANTS** Plaintiff's motion, and pursuant to Civil Local Rule 79-5(f)(1), the documents identified above will remain under seal.

**IT IS SO ORDERED.**

Dated: 11/5/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

3